## ISLAND CREEK COAL COMPANY and Occidental Petroleum Corporation, Appellants,

v.

## Joann WELLS, Appellee.

### No. 2000–SC–0717–DG.

Supreme Court of Kentucky.

Aug. 21, 2003.

Mitchell D. Kinner, Kazee, Kinner & Chafin, Prestonsburg, Stanton L. Cave, Jackson & Kelly, Lexington, Counsel for Appellants.

Catherine C. Staib, Frankfort, Counsel for Appellee.

KELLER, Justice.

## I. INTRODUCTION

In an agreed judgment to settle the parties' pending lawsuit over disability benefits, Appellant Island Creek Coal Company ("Island Creek") and its parent company, Appellant Occidental Petroleum Corporation ("Occidental") agreed "to enroll and accept" Appellee in Occidental's long-term disability ("LTD") benefit plan "so long as the Plaintiff meets all [its] conditions, provisions, and exclusions." The agreed judgment further provided "that the settlement of this matter by the Defendants does not act as a waiver of any of the conditions, provisions, or exclusions outlined and incorporated into said long term disability plan." When Consol, Inc. ("Consol") subsequently purchased Island Creek from Occidental, Appellee's benefits under Occidental's LTD plan were terminated, and Consol enrolled Appellee in its own LTD plan. Dissatisfied with the benefits available to her under Consol's plan, Appellee moved to enforce the agreed judgment, and the trial court ordered Appellants to continue to pay her benefits under Occidental's LTD plan. Did Appellants oblige themselves contractually in the agreed judgment to maintain Appellee's

benefits under Occidental's LTD plan? We hold that the agreed judgment did not give Appellee a vested right to receive benefits. Because Appellee became ineligible for benefits under Occidental's LTD plan when Consol purchased Island Creek, we hold that the trial court erred when it required Appellants to continue paying Appellee's benefits under the former plan.

## II. FACTUAL BACKGROUND

In 1979, Island Creek, a wholly-owned subsidiary of Occidental, hired Appellee as an office worker, and Appellee worked for Island Creek until July 1982, when she became permanently and partially disabled. Appellants, however, refused to pay Appellee any LTD benefits from her employment with Island Creek,[1] and thus, in 1983, Appellee filed a lawsuit against Appellants and Aetna Life & Casualty Co. ("Aetna") in which she sought disability benefits under Occidental's LTD benefit plan. The case proceeded to trial, and, although the trial court granted a directed verdict in Aetna's favor, it submitted Appellee's claims against Appellants to the jury. The parties settled the case, however, before the jury returned with a verdict. In August 1996, the trial court entered an agreed judgment that contained the terms of the settlement agreement:

The Defendants, Island Creek Coal Company and Occidental Petroleum Corporation shall make immediate payment to the Plaintiff, Joann Wells, for all arrearages prior to July 31, 1986, due under a long term disability plan which is the subject matter of this action, in the amount of $17,500.00; and

The Defendants, Island Creek Coal Company and Occidental Petroleum Corporation, shall enroll and accept the plaintiff, Joann Wells, in the long-term disability plan, the subject matter of this suit, [e]ffective August 1, 1986, and continuing thereafter so long as the Plaintiff meets all conditions, provisions, and exclusions thereunder. It is expressly understood that the settlement of this matter by the Defendants does not act as a waiver of any of the conditions, provisions, or exclusions outlined and incorporated into said long term disability plan.

In July 1993, Consol purchased the stock of Island Creek from Glenn Springs Holding Company ("Glenn Springs"), a subsidiary of Occidental, and Island Creek thus ceased to be an affiliate of Occidental. According to the stock purchase agreement, disabled former employees such as Appellee were no longer to be covered by the Occidental LTD benefit plans and were instead to be covered under the corresponding plans then in effect at Island Creek's new parent company, Consol. In a letter informing her of the stock transfer, Appellee was informed that Consol would not honor the terms of the Occidental plans, but that Consol would treat her as a similarly-situated Consol employee and pay her benefits under the applicable Consol LTD plan.

Appellee became dissatisfied with the benefits available under the Consol LTD plan[2] and, on August 18, 1995, she filed a

1. The record reflects that Island Creek, itself, did not have individual LTD benefit plans, but that its employees participated in the LTD plans available for employees of Occidental and its affiliates.

2. The record reflects that persons eligible for benefits under Occidental's LTD plan were eligible to receive medical coverage, dental coverage, life insurance coverage, and continued pension contributions. Benefits provided to such persons under the Consol LTD plan include periodic cash payments similar to the Occidental LTD plan, but differ in other respects. For example, Consol: (1) does not offset Family Social Security Benefits against long-term disability benefits; (2) has more restrictive eligibility, deductible, and co-pay-

motion in Johnson Circuit Court in which she asked the court to enforce the agreed judgment. The court examined the agreed judgment and observed that, in addition to the monetary settlement, the settlement required Appellants "to enroll Joann Wells in a long term disability plan and that enrollment would continue thereafter 'so long as the plaintiff meets all conditions, provisions, and exclusions thereunder.'" The court interpreted this language to mean that the present identity of Island Creek's corporate owner was irrelevant because "Occidental Petroleum Company was also responsible to the plaintiff to enroll her in a long term disability plan." Accordingly, on May 9, 1997, the Johnson Circuit Court ordered that:

> [P]laintiff shall have judgment against Occidental Petroleum Corporation and Island Creek Coal Company Corporation and the Court hereby enjoins the defendants and hereby orders that Occidental Petroleum Corporation shall enroll the plaintiff, Joann Wells, into a long term disability program providing the same benefits that she would have had as of August 1, 1986.

Appellants moved the trial court to alter or amend the order, and on December 29, 1998, the trial court entered an order that denied Appellants' motion and again ordered Appellants "to enroll the Plaintiff ... into a long term disability program providing the same benefits that she would have had as of August 1, 1986." Appellants then sought appellate review.

On a 2–1 split decision, a panel of the Court of Appeals affirmed the trial court's ruling. The panel agreed that Appellee's right to benefits under the Occidental LTD plan "d[id] not automatically vest" because, under federal law, Occidental could make modifications to, or terminate entirely, its employee welfare benefit plans. The majority, however, held that Appellee's benefits had vested by virtue of the agreed judgment entered in the earlier civil action, and thus Occidental could not make modifications to the plan that had the effect of decreasing Appellee's benefits. In the majority's view, the trial court's ruling "essentially enforc[ed] the unambiguous terms of the agreed judgment":

> The agreed judgment is abundantly clear in its intent to provide long-term care for Joann Wells. If the new LTD plan of Consol contravenes, contradicts, or in any way omits to provide that the carefully negotiated terms of the agreed judgment be meticulously performed, Occidental nonetheless remains bound to perform the terms of the agreed judgment and cannot seek to avoid that obligation by reference to superseding agreements or LTD plans of its successor in interest.

> We hold that the Johnson Circuit Court fashioned the appropriate remedy by ordering that the terms of the agreed judgment be performed by Island Creek and Occidental.

Judge McAnulty filed a dissenting opinion in which he expressed his opinion that "[r]equiring Occidental to enroll her in the plan not only amounts to a judicial modification of the plan documents but also vitiates the consent expressed in the agreed judgment." Judge McAnulty disagreed with the majority's primary conclusion and stated that, because "the agreed judgment does not modify the Occidental LTD plan," Appellee could continue to participate in the plan only if she met *all* of the conditions, provisions, and exclusions therein."

---

ment requirements in its medical plan; (3) requires different contribution levels for covered employees under its life insurance plan; and (4) does not make contributions on behalf of disabled employees to a retirement plan.

Judge McAnulty observed that "[b]ecause Island Creek is no longer affiliated with Occidental ... employees such as Wells are no longer entitled to receive benefits under the Occidental LTD plan" and thus voted to vacate the trial court's order.

We granted Appellants' motion for discretionary review, and they now appeal to this Court.

## III. ANALYSIS

Initially, we observe that the parties do not dispute the governing principles of employee benefit law. Specifically, Appellee agrees that, under the Employee Retirement Income Security Act of 1974 (ERISA),[3] the Occidental LTD plan constitutes an employee welfare benefit plan[4] that is exempt from the minimum vesting, participation, and funding standards that ERISA requires for employee pension plans.[5] Accordingly, Appellee's benefits in Occidental's LTD plan did not vest by operation of federal law, and Appellants could change the benefits available under

the plan or could terminate the plan entirely without contravening the governing statutory law. Appellants, however, agree with Appellee's observation that, notwithstanding the lack of a mandate in ERISA itself, individual parties may contractually agree to create vested rights in welfare benefits.[6] The dispute in the case at bar is *whether* the parties in fact entered into such an agreement, and the issue that we must resolve is a narrow one, *i.e.*, do the terms of the agreed judgment modify the Occidental LTD plan and provide for the vesting of Appellee's plan benefits?

Given that " '[s]ettlement agreements are a type of contract and therefore are governed by contract law,' "[7] and that "the construction and interpretation of a contract, including questions regarding ambiguity, are questions of law to be decided by the court,"[8] we review de novo the lower courts' interpretations of the contract contained in the agreed judgment. We recently observed in *Frear v. PTA*

---

**3.** 29 U.S.C. § 1001, *et seq.*

**4.** 29 U.S.C. § 1002(1)(A).

**5.** *See Curtiss–Wright Corp. v. Schoonejongen,* 514 U.S. 73, 78, 115 S.Ct. 1223, 1228, 131 L.Ed.2d 94, 101 (1995):

ERISA does not create any substantive entitlement to employer-provided health benefits or any other kind of welfare benefits. Employers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans. Nor does ERISA establish any minimum participation, vesting, or funding requirements for welfare plans as it does for pension plans. (citations omitted) *See also Inter–Modal v. A.T. & S.F.R.,* 520 U.S. 510, 515, 117 S.Ct. 1513, 1516, 137 L.Ed.2d 763, 769 (1997) (observing that: (1) the flexibility ERISA permits as to employee benefit plans "is not an accident," (2) Congress "recognized that 'requir[ing] the vesting of these ancillary benefits would seriously complicate the administration and increase the cost of plans,' " and (3) "Giving employers this flexi-

bility also encourages them to offer more generous benefits at the outset, since they are free to reduce benefits if economic conditions sour.").

**6.** *See Inter–Modal v. A.T. & S.F.R., supra* note 5 at 520 U.S. 510, 515, 117 S.Ct. 1513, 1516, 137 L.Ed.2d 763, 769 ("Thus, *unless an employer contractually cedes its freedom,* it is 'generally free under ERISA [to modify or terminate its welfare plan.]' " (citations omitted and emphasis added)); *In Re White Farm Equipment Co.,* 788 F.2d 1186, 1193 (1986) ("[T]he parties may themselves set out by agreement or by private design, as set out in plan documents, whether retiree welfare benefits vest, or whether they may be terminated.").

**7.** *Frear v. PTA Industries, Inc.,* Ky., 103 S.W.3d 99, 105 (2003) (quoting 15 AM. JUR. 2D, *Compromise and Settlement* § 9 (2000)).

**8.** *First Commonwealth Bank of Prestonburg v. West,* Ky.App., 55 S.W.3d 829, 835 (2000).

*Industries Inc.*[9] that the starting point for contract interpretation is to determine whether the terms of the contract itself are ambiguous:

> [W]e must first determine whether the terms of the parties' settlement agreement are ambiguous because our resolution of the ambiguity question will dictate how our interpretive analysis will proceed. If an ambiguity exists, "the court will gather, if possible, the intention of the parties from the contract as a whole, and in doing so will consider the subject matter of the contract, the situation of the parties and the conditions under which the contract was written," by examining extrinsic evidence as to the parties' intentions. However, "[i]n the absence of an ambiguity a written instrument will be enforced strictly according to its terms," and a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence.[10]

And, we thus begin our analysis by examining the relevant terms of the agreed judgment, as set forth above, and find nothing ambiguous about its terms, which simply adjudicate that Appellee was eligible for benefits under the terms and conditions of Occidental's LTD plan. We observe that "[c]ontractual vesting is a narrow doctrine ... [and] [t]o prevail, [Appellee] must assert strong ... granting language"[11] because "[s]uch extra-ERISA commitments must be ... stated in clear and express language."[12] Although Appellee argues that the agreed judgment modified the terms of Occidental's LTD plan, the language of the agreement unequivocally states otherwise. Under the express terms of the agreed judgment, after Appellee's entry into the plan was secured via the agreed judgment, her continued participation in the Occidental LTD plan was made contingent on her ability to continue to meet *all* of the conditions, provisions, and exclusions of that plan. Accordingly, we

---

9. *Supra* note 7.

10. *Id.* at 105–06 (citations omitted). *See also Boyer v. Douglas Components Corp.*, 986 F.2d 999, 1005 (6th Cir.1993) ("To determine whether the parties have agreed to vest the welfare benefit plan, we apply principles of federal common law to ascertain the parties' intent... [W]e first examine the plan documents.").

11. *Wise v. El Paso Natural Gas Co.*, 986 F.2d 929, 938 (5th Cir.1993), *cert. denied*, 510 U.S. 870, 114 S.Ct. 196, 126 L.Ed.2d 154 (1993). *See also Gable v. Sweetheart Cup Company, Inc.*, 35 F.3d 851, 855 (4th Cir.1994) ("Because such a commitment constitutes an extra-ERISA commitment, however, courts may not lightly infer the existence of an agreement to vest employee welfare benefits."), *cert. denied*, 514 U.S. 1057, 115 S.Ct. 1442, 131 L.Ed.2d 321 (1995); *Sprague v. General Motors Corp.*, 133 F.3d 388, 400 (6th Cir.1998), *cert. denied*, 524 U.S. 923, 118 S.Ct. 2312, 141 L.Ed.2d 170 (1998).

12. *Wise v. El Paso Natural Gas Co., supra* note 11 at 937. In fact, some courts hold that the "vesting language" must be contained in a welfare benefit plan's 29 U.S.C. § 1022(a)(1) Summary Plan Description (SPD). *See Alday v. Container Corporation of America*, 906 F.2d 660, 665 (11th Cir.1990) ("[A]ny ... right to lifetime medical benefits at a particular cost can only be found if it is established by contract under the terms of the ERISA-governed benefit plan document."), *cert. denied*, 498 U.S. 1026, 111 S.Ct. 675, 112 L.Ed.2d 668 (1991); *Gable v. Sweetheart Cup Company, Inc., supra* note 11 at 855 ("[I]n recognition of ERISA's requirement that employee benefit plans be governed by written plan documents filed with the Secretary of Labor, a participant's right to a fixed level of lifetime benefits must be 'found in the plan documents and must be stated in clear and express language.'" (citations omitted)). Because we find no agreement to vest in the agreed judgment, we need not reach the issue of whether an agreed judgment can modify the terms of an employee welfare benefit plan.

hold that the agreed judgment did not extend to Appellee any rights fixed under the terms of the plan as of the date of the agreement. Instead, the agreed judgment merely operated to give Appellee the status of a plan beneficiary, but left her subject to subsequent modifications to or termination of the plan.

The eligibility provisions of Occidental's LTD plan provide, in part, "[y]ou are eligible for coverage under the Long Term Disability (LTD) Plan if you are a permanent full-time domestic salaried employee of [Occidental] or an affiliated company." At the time of the agreed judgment, Appellee, a disabled former employee, was eligible for benefits under the plan because her former employer, Island Creek, was affiliated with Occidental. After Consol purchased Island Creek from Occidental, however, Island Creek ceased to be affiliated with Occidental, and persons in Appellee's position were no longer eligible for benefits under Occidental's LTD plan. Accordingly, after Consol's purchase of Island Creek, Appellee no longer met the Occidental LTD plan's eligibility conditions. Stated otherwise, Appellants fully performed their obligations under the agreed judgment by "enrolling and accepting" Appellee into the Occidental LTD plan and allowing her to receive benefits "so long as [she met] all conditions, provisions, and exclusions thereunder." Accordingly, the trial court erred when it ordered Island Creek and Occidental to continue Appellee's benefits under that plan.

## IV. CONCLUSION

For the above reasons, we reverse the decision of the Court of Appeals and vacate the Johnston Circuit Court's orders of May 9, 1997 and December 29, 1998 that compel Appellants to enroll Appellee into an Occidental long-term disability program.

All concur.