David B. ALLEN, Appellant,

v.

LAWYERS MUTUAL INSURANCE
COMPANY OF KENTUCKY,
Appellee.

No. 2005–CA–002397–MR.

Court of Appeals of Kentucky.

Feb. 16, 2007.

David B. Allen, Versailles, KY, Pro Se.

D. Duane Cook, Stamping Ground, KY, for Appellee.

1. Senior Judges Joseph R. Huddleston and William L. Knopf sitting as Special Judges by assignment of the Chief Justice pursuant to

Before ABRAMSON, Judge; HUDDLESTON and KNOPF, Senior Judges.[1]

## OPINION

WILLIAM L. KNOPF, Senior Judge (Assigned).

In 1987, appellee Lawyers Mutual Insurance Company began issuing 6% Subordinated Surplus Certificates, Series A, as a means of raising capital to enable the company to operate as a mutual insurance company offering professional liability insurance to Kentucky lawyers. Every lawyer insured by Lawyers Mutual was required to purchase one of the Surplus Certificates ("certificate") as a condition precedent to acquiring professional coverage from Lawyers Mutual. On October 20, 1989, appellant David B. Allen, an attorney, signed a subscription agreement for the purchase of a certificate. Because he preferred to pay the $1,275 purchase price in installments, Allen was required to sign an installment sale contract and pledge agreement. After Allen completed the five required annual installment payments of $255 each, the certificate at issue in this appeal was delivered to him on February 2, 1995. For the period of 1990 to 2003, Allen was insured by Lawyers Mutual. A dispute arose when Allen, 73 years of age, no longer desired professional liability insurance as he was retiring from the practice of law, and Lawyers Mutual declined his formal demand that the certificate he purchased in 1989 be redeemed. In March 2004, he instituted an action in the Woodford Circuit Court alleging causes of action for debt, breach of contract, rescission, and fraud. This appeal stems from the summary dismissal of those claims.

Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

The certificates issued by Lawyers Mutual contain the following provision concerning redemption:

This certificate has no fixed maturity date. Subject to the prior approval of the Kentucky Commissioner of Insurance, this Certificate may, **in the sole discretion of the Company's Board of Directors,** be redeemed at any time at 100% of the Principal Amount hereof, provided the net assets of the Company above its legal reserves and all other claims and obligations of the Company are sufficient therefor, and provided further that any such repayment of the Principal Amount hereof shall be made only to the extent of that portion of the Company's surplus in excess of its Required Minimum Surplus. This Certificate shall be equal in rank with all other Certificates designated as Series A in right of payment, whether the same be issued on or after the date of issuance hereof; provided, however, any redemption of the Series A Certificates need not be made pro rata among the holders of such Certificates outstanding on the date of such redemption or by lot, **and the Board of Directors may in its sole discretion determine the Certificates to be redeemed from time to time, in whole or in part.** [Emphasis added.]

By virtue of this unambiguous language, the trial court concluded that the decision whether to redeem any certificate is within the exclusive control of the Lawyers Mutual Board of Directors, requiring dismissal of the breach of contract claim. The trial court was also persuaded that Allen's claim concerning an implied covenant of good faith was insufficient on its face to override or alter these express contract terms. Allen's rescission claim, which was predicated upon an alleged lack of mutuality of obligation, was dismissed on the basis that he had in fact received the benefit of his bargain in purchasing the certificate. Finally, the trial court dismissed Allen's fraud claim and a claim of invalidity due to lack of manual signature on the certificate as having been lodged outside the period provided in the applicable statute of limitations. We find no reversible error in any of these determinations.

■ Allen initially argues in this appeal that the trial judge failed to even consider his claim for debt which he predicates upon certificate language to the effect that Lawyers Mutual is "indebted" to him in the amount of $1,275. We disagree. There is no material difference between that claim and his claim that Lawyers Mutual breached the contract by refusing to redeem the certificate, as they are in reality two different ways of stating an identical grievance. Whether couched in terms of debt or contract, Allen's single claim is that Lawyers Mutual must refund his $1,275 by redeeming the certificate. Thus, the judgment is not erroneous for failure to resolve all the issues.

■ Turning to the breach of contract claim, the certificate language fully supports the trial judge's analysis. A fundamental principle in this area is that the "construction and interpretation of a contract, including questions regarding ambiguity, are questions of law to be decided by the court." *First Commonwealth Bank of Prestonsburg v. West*, 55 S.W.3d 829, 835 (Ky.App.2000). Where there is no ambiguity, a written instrument is to be strictly enforced according to its terms which are to be interpreted "by assigning language its ordinary meaning and without resort to extrinsic evidence." *Island Creek Coal Co. v. Wells*, 113 S.W.3d 100, 104 (Ky.2003). As the trial court properly observed, Allen can prevail on his breach of contract claim only by ignoring the plain and unambiguous meaning of the redemption provision contained in the certificate.

Allen argues, however, that because the certificate specifically states that Lawyers Mutual is indebted to the "registered holder" of the certificate, it must be redeemable during his lifetime, contrary to the Board's current policy of redeeming the certificates only when a lawyer becomes a judge or dies. We disagree. Read in its entirety, the provision upon which Allen relies states as follows:

> This Certificate is one of a duly authorized series of surplus certificates, designated as 6% Subordinated Surplus Certificates, Series A (herein the "Certificates"), unlimited in principal amount, issued by Lawyers Mutual Insurance Company of Kentucky, a mutual insurance company organized under the laws of the Commonwealth of Kentucky (the "Company"), evidencing that the Company is indebted to the registered holder hereof, or registered assigns, in the principal amount shown above (the "Principal Amount") **on the terms and subject to the conditions hereinafter set forth.** [Emphasis added.]

One of the "terms" and "conditions" modifying this preliminary statement is the provision placing decisions regarding redemption of the certificate, if any, within the sole discretion of the Lawyers Mutual Board. Thus, Allen's argument notwithstanding, the trial judge did not err in failing to specifically address his "holder" contention as it was implicitly rejected by the court's decision as to the efficacy of the redemption provision.

Nor are we persuaded by Allen's argument that Lawyers Mutual breached the contract by inserting into it a "new condition" that he must die before the certificate would be redeemed. Although Allen characterizes the implementation of that condition as an impermissible alteration of the terms of their agreement, we are convinced that it is merely reflective of the Lawyers Mutual Board's current policy regarding redemption, a policy which they "in their sole discretion" are entitled to set as long as they act in good faith.

Similarly in this regard, we find no error in the trial court's resolution of Allen's claim that Lawyers Mutual breached an implied covenant of good faith by failing to redeem his certificate. Noting that an implied covenant of good faith will not override express contract terms, the trial judge relied upon the "business judgment rule" in enforcing the contract according to its stated terms. Citing the following language in *Allied Ready Mix Co., Inc. ex rel. Mattingly v. Allen,* 994 S.W.2d 4, 8 (Ky. App.1998), the trial judge concluded that Lawyers Mutual is entitled to a presumption that its actions regarding redemption were conducted in good faith:

> "The business judgment rule is a presumption that in making a business decision, not involving self-interest, the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." The party challenging the board's decision bears the burden to establish facts rebutting this presumption.[2]

Allen neither alleges self-interest on the part of the Lawyers Mutual Board of Directors nor claims that any director would reap a financial gain from the denial of his redemption claim. We therefore agree with the trial court that Lawyers Mutual is entitled to the presumption that its Board's decisions regarding redemption have been taken in good faith.

Nor are we persuaded that Allen is entitled to rescission of the agreement for lack of mutuality of obligation. In reject-

---

**2.** Citing *Spiegel v. Buntrock,* 571 A.2d 767, 774 (Del.1990).

ing this contention, the trial court relied upon the following analysis of that concept set out in *Ligon v. Parr,* 471 S.W.2d 1, 4 – 5 (Ky.1971):

> It is not required that parties have reciprocal rights of the same kind or nature. *David Roth's Sons, Inc. v. Wright and Taylor, Inc.,* Ky., 343 S.W.2d 389 (1961). As said in Simpson on *Contracts,* 2nd Ed, page 86:
>
> **'The fairness of an exchange is legally irrelevant. So long as a man gets what he has bargained for, and it is of some value in the eyes of the law, the courts will not inquire whether it is of any value to him, or whether its value is in any way proportionate to his promise given in return.** The reason for the rule is not far to seek. Persons must be free to contract; and it is for the law to enforce the agreement they have made, not to make it or to correct it for them.' [Emphasis added.]

We agree with the trial judge that Allen got precisely what he bargained for. The certificates were sold to allow Lawyers Mutual to capitalize the company, enabling it to offer professional liability insurance to Kentucky lawyers at attractive rates. By his own admission, Allen availed himself of these attractive rates for fourteen years. It borders on the frivolous to suggest that Allen was denied the benefit of his bargain as he received the insurance contemplated at the time he purchased the certificate.

■ Allen also maintains that the certificate must be rescinded because it was invalid from the outset as it lacks the manual signature required by the following provision:

> 14. Authentication. This Certificate shall not be valid or become obligatory for any purpose until authenticated by the manual signature of the authenticating agent.

It is undisputed that the signature of the authenticating agent on Allen's certificate is a stamped signature. The trial judge concluded that Allen's claim premised upon this alleged defect runs afoul of the five-year statute of limitations set out in KRS 413.120 regarding oral or implicit contracts. The trial judge reasoned that Allen should have discovered the stamped signature on February 2, 1995, the date that the certificate was delivered. If, as Allen contended, the contract was void ab initio for lack of a manual signature, the trial judge concluded that the five-year limitations provision for oral or implicit contracts applied and that the statute began to run as of the date of delivery.

Even if that limitations provision did not bar the claim, however, we are convinced the stamped signature does not support Allen's contention that the contract was void ab initio. The provision was obviously inserted to protect Lawyers Mutual from delivery of unauthorized certificates. Allen does not suggest that Lawyers Mutual did not intend to issue the certificate or that he was in any way disadvantaged by the stamped signature. On these undisputed facts, we are convinced that the alleged defect is at best immaterial to Allen's claim and at worst a defect of which he has no standing to complain. As such, the stamped signature cannot serve as a basis for avoidance of the contract.

■ Finally, Allen argues that the trial court erred in disposing of his fraud claim under KRS 413.120 because he did not discover the fraud until Lawyers Mutual made clear in November 2003 its intent to deny redemption. This argument fails under KRS 413.130(3) which provides:

> In an action for relief or damages for fraud or mistake, referred to in subsection (12) of KRS 413.120, the cause of action shall not be deemed to have accrued until the discovery of the fraud or

mistake. However, the action shall be commenced within ten (10) years after the time of making the contract or the perpetration of the fraud.

Despite Allen's contention that there were several acts of fraud committed by Lawyers Mutual, we agree with the trial judge that Allen's true complaint rests upon a claim of fraud in the inducement. In other words, Lawyers Mutual, by its fraudulent misrepresentations, induced him to purchase a certificate that it had no intention of redeeming. As such, KRS 413.130(3) is dispositive of this claim.

As noted by the trial judge, a simple reading of the face of the certificate should have alerted Allen to the fact that his understanding of Lawyers Mutual's redemption obligation was materially different from that stated in the redemption provision of the contract. The limitations clock commenced to run when Allen first had an opportunity to inspect the certificate, upon his receipt of it in February 1995. He was not entitled to sit by, receive the benefit of the bargained-for professional liability insurance for fourteen years, and then claim discovery of the fraud only when he no longer had need of the professional insurance. Because we find no error in the trial court's conclusion that the alleged fraud in this case could have been discovered in the exercise of ordinary diligence in 1995, it is clear that Allen's fraud claim is barred by operation of KRS 413.120(12) and 413.130(3).

Accordingly, the judgment of the Woodford Circuit Court is affirmed.

ALL CONCUR.