**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0548n.06

No. 11-5346

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*May 29, 2012*

LEONARD GREEN, Clerk

JOHN DAUGHERTY,                            )
                                          )
    Plaintiff-Appellant,            )          ON APPEAL FROM THE
                                          )          UNITED STATES DISTRICT
v.                                        )          COURT FOR THE  WESTERN
                                          )          DISTRICT OF KENTUCKY
AMERICAN EXPRESS COMPANY;                 )
HEALTHEXTRAS, INC.,                       )
                                          )
    Defendants-Appellees.           )
                                          )

BEFORE:  BOGGS and GRIFFIN, Circuit Judges; BARZILAY, Judge.[*]

**PER CURIAM**

John Daugherty appeals a district-court order dismissing his claims against American Express Company and HealthExtras, Inc. (collectively, "the defendants"). We affirm.

Daugherty, an American Express cardholder, was solicited by mail to purchase the "Accidental Disability Plan from American Express," a plan marketed by American Express and HealthExtras that included $1.5 million lump-sum disability insurance coverage provided by Federal Insurance Company ("Federal") and additional benefits underwritten by other insurers. Daugherty enrolled in the plan in 2001, began paying monthly premiums, and subsequently filed a claim through American Express, seeking benefits arising from a disabling injury that he suffered on

---

[*]The Honorable Judith M. Barzilay, Senior Judge for the United States Court of International Trade, sitting by designation.

February 23, 2003. On November 29, 2004, Federal informed Daugherty that his claim was denied because his injury did not constitute a "permanent total disability" as defined by the plan.

On December 27, 2007, Daugherty filed a complaint in state court against the defendants and other entities, including Federal, asserting that they breached the insurance contract by denying his claim. The action was removed to federal court, and Daugherty amended his complaint to include the following causes of action: breach of contract, breach of duty of good faith, violation of Kentucky's Unfair Claims Settlement Practices Act, and misrepresentation. After the district court bifurcated Daugherty's breach-of-contract claim from his other claims, the defendants moved for summary judgment on that claim, asserting that 1) they were not parties to the insurance contract, and 2) even if they could be held liable under the insurance contract, Daugherty's claim was barred by the three-year statute of limitations contained in the plan description.

The district court granted the motion for summary judgment, reasoning that Daugherty's breach-of-contract claim lay against the insurer, Federal, and that the defendants could not be held liable for any breach of the insurance contract because they were not parties to the contract. The district court subsequently granted the defendants' motion to dismiss Daughterty's remaining claims against them, concluding that his misrepresentation claim was time-barred and that his statutory and common-law bad-faith claims failed because there was no privity of contract. Daugherty timely appeals.

Upon de novo review, *see Gen. Conference Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 407 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 2097 (2011), we conclude that the district court did not err. Regarding the contract claim, Daugherty argues that the Plan Summary provided by American Express was "a binding contract on its face," that he upheld his end of the bargain by

paying the monthly premium, and that American Express and HealthExtras failed to uphold their end of the bargain by wrongfully denying his claim. Daugherty reasons that American Express and HealthExtras were in sole control of the plan and were not relieved of their contractual obligation to him simply because they used Federal as a "vendor." This argument cannot be sustained in light of the plain terms of the Plan Summary and the Benefit Plan Description, both of which state that the relevant portion of the disability plan is underwritten by Federal.

Specifically, the "Certificate of Insurance" included in the "Benefit Plan Description" states: "*We* will pay the applicable Benefit Amount if an Accident results in a Loss not otherwise excluded." "We" refers to "the Company providing this insurance," and "Company" is defined as "Federal Insurance Company." Therefore, the contract unambiguously provides that *only* "Federal Insurance Company" will pay insurance benefits in the event of an Accident. Daugherty's reliance on the Plan Summary fares no better, as the Summary nowhere indicates that the defendants undertake to insure Daugherty. Indeed, it expressly states that the "terms and conditions described in the Benefit Plan Description and Master Policies" govern insurance coverage. The Master Policy contains provisions and definitions identical to those in the Benefit Plan Description.

Under Kentucky law, an insurance policy is a contract "between an insurer and an insured." *Estate of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 404 (6th Cir. 2005); *see Buck Run Baptist Church, Inc. v. Cumberland Sur. Ins. Co., Inc.*, 983 S.W.2d 501, 504 (Ky. 1998) ("An insurance policy is a contract of indemnity whereby the insurer agrees to indemnify the insured for any loss resulting from a specific event."). The plan documents make clear that Federal is the insurer and, as such, is the party subject to liability under the insurance contract. *See Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001) ("Under Kentucky law, in order

to recover in any action based on breach of a contract, a plaintiff must show the existence and the breach of a contractually imposed duty."); *Sudamax Industria e Comercio de Cigarros, Ltda v. Buttes & Ashes, Inc.*, 516 F. Supp. 2d 841, 845 (W.D. Ky. 2007) ("A contract is only binding upon the parties to a contract."). Accordingly, the district court properly granted summary judgment to the defendants on Daugherty's breach-of-contract claim. And, because Daugherty's common-law and statutory bad-faith claims rest on his argument that the defendants were in breach of the insurance contract, those claims were properly dismissed as well. *See Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute.").

The district court denied Daugherty's final claim – that the defendants misrepresented the terms of the disability plan in their solicitation and promotional materials – as barred by the applicable five-year statute of limitations. *See* Ky. Rev. Stat. § 413.120(2), (12). The district court determined that Daugherty's cause of action accrued when he received the plan documents setting forth the terms of coverage. Daugherty argues that his misrepresentation claim accrued no earlier than November 29, 2004, the date that Federal denied his insurance claim.

Under Kentucky law, the statute of limitations for a fraud or misrepresentation claim begins to run "from the time the fraud could have been discovered through ordinary diligence." *Johnson v. Smith*, No. 98-5593, 1999 WL 551383, at *1 (6th Cir. July 19, 1999); *see* Ky. Rev. Stat. § 413.130(3); *McLain v. Dana Corp.*, 16 S.W.3d 320, 326 (Ky. Ct. App. 1999). The district court properly determined that the limitations period began to run when Daugherty received the plan documents, at which time he could have discovered any alleged misrepresentations in the solicitation and promotional materials. *See Allen v. Lawyers Mut. Ins. Co. of Ky.*, 216 S.W.3d 657, 662 (Ky. Ct.

App. 2007) (concluding that the plaintiff's fraudulent-misrepresentation claims accrued when he received his insurance certificate, rather than when his redemption request was denied); *see also Johnson*, 1999 WL 551383, at *1 (noting that the plaintiffs could have discovered the alleged fraud simply by reading the underlying agreements).  The case on which Daugherty relies, *Doe v. Golden & Walters, PLLC*, 173 S.W.3d 260, 270-71 (Ky. Ct. App. 2005), is distinguishable because it involves the accrual of a malpractice claim arising from litigation, which is governed by an entirely different statute of limitations than a fraudulent-misrepresentation claim.  *See Johnson*, 1999 WL 551383, at *2-3 (distinguishing between malpractice claims and fraud claims for purposes of the statute of limitations); *see also Raisor v. Burkett*, No. 2007-CA-001508-MR, 2008 WL 2219887, at *4 (Ky. Ct. App. May 30, 2008) ("The rules developed by our courts regarding the accrual of legal malpractice actions are specific to that tort alone, and we decline to extend them to misrepresentation actions.").

For these reasons, we affirm the district court's judgment.