RENDERED:  MARCH 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0806-MR

SYED AHMED                                                                   APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 17-CI-001080

LOUISVILLE AND JEFFERSON
COUNTY METROPOLITAN SEWER
DISTRICT                                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

COMBS, JUDGE:  This appeal involves a lawsuit for breach of contract.  Syed

Ahmed appeals the summary judgment of the Jefferson Circuit Court entered in

favor of Louisville and Jefferson County Metropolitan Sewer District (MSD).

Ahmed argues that the circuit court erred by concluding as a matter of law that he

breached the parties' agreement. Having reviewed the entirety of the trial court record, we affirm the judgment.

In September 2010, Ahmed applied for admission to MSD's Engineering Education Assistance Program. The MSD paid the costs of tuition and books for the remainder of Ahmed's engineering course work at the University of Louisville's J.B. Speed School of Engineering. In exchange, Ahmed agreed that he would begin work at MSD at an entry-level engineering position upon his graduation. Once he was accepted into the program, Ahmed signed a promissory note agreeing to repay to MSD all amounts expended for his benefit throughout the program (10 academic semesters). He agreed that the debt would be forgiven as an interest-free scholarship if he completed the program and worked for MSD for a minimum of five (5) years after his graduation. However, if he defaulted, the entire outstanding balance of the principal and accrued interest would come due. He agreed to pay attorney's fees and other costs associated with collection of the debt -- if and when that contingency occurred.

Ahmed completed the requirements of graduation and was awarded a Master of Engineering degree in Mechanical Engineering. MSD promptly offered him a position as Project Administrator with a starting salary of $50,398.00. This position required a degree in engineering, engineering technology, construction management, or construction technology and experience of three or more years.

The experience requirement could be substituted with an equivalent combination of education and experience. Project Administrators were responsible for "plan[ning], review[ing], manag[ing], and inspect[ing] proposed public sanitary and stormwater improvements (including green projects) through MSD's service area . . . [and] supervis[ing] the work of contractors and/or outside design engineers." Based upon his skills, abilities, and experience, Ahmed was qualified for the Project Administrator position with MSD. All other graduating engineering students were also offered an entry-level position.

Ahmed started work as Project Administrator on May 24, 2014. He tendered his resignation just weeks later and accepted a mechanical engineering position with Aerotek, a contractor for Ford Motor Company, at a substantially higher salary. In July 2014, MSD forwarded to Ahmed an installment plan by which he was expected to repay the costs of his tuition and books. Ahmed refused to make payment, and MSD filed this action for breach of contract against him in February 2017. Discovery ensued.

In January 2020, MSD filed a motion for summary judgment. Attached to its memorandum were: excerpts from the deposition testimony of John Loechle, the corporate representative of MSD; Ahmed's application to MSD's engineering education assistance program; the promissory note; an addendum outlining the program requirements; the Project Administrator's job

description; Ahmed's letter of resignation; MSD's letter providing an installment plan for reimbursement of nearly $39,000 for Ahmed's education expenses; Ahmed's responses to written discovery requests; and excerpts from Ahmed's deposition testimony.

Ahmed filed a response to MSD's motion and his own cross-motion for summary judgment. He contended that MSD breached the parties' contract by failing to offer him a job commensurate with his abilities as required by the terms of the agreement. Ahmed offered evidence from a vocational expert who opined that Ahmed was capable of earning an annual income of at least $73,438 upon his graduation. He also offered evidence that only thirteen (13) of the thirty-nine (39) individuals hired by MSD as Project Administrators in the previous ten years had engineering degrees as well as a brief excerpt of the deposition testimony of John Loechle, in which Loechle remarked that "anybody who is smart and has some intelligence at that entry level could come in and do the job." Ahmed argued that the parties did not agree that MSD would have "the right to determine what is commensurate with Ahmed's abilities" and that MSD breached the contract by offering him the "lowly" Project Administrator position.

MSD filed a reply contending procedurally that Ahmed's motion had been filed out of time. Substantively, MSD argued that Ahmed's only defense to the action was his belief that the work was not commensurate with his abilities. In

support of his assertion, Ahmed showed only that he could have earned a higher starting salary; he also misrepresented Loechle's testimony about the job requirements. MSD argued that Ahmed's belief is not affirmative proof. In light of the undisputed facts, MSD claimed that it was entitled to judgment as a matter of law.

The Jefferson Circuit Court granted summary judgment to MSD in an order entered on February 12, 2020. It concluded that the parties' contract was clear and unambiguous; *i.e.*, that in exchange for MSD's promise to cover his educational expenses, Ahmed agreed to work for MSD for five years following his graduation. MSD paid Ahmed's tuition and expenses and, upon his graduation, offered him a position for which he was qualified. Once Ahmed resigned, the contract terms required him to repay MSD for his education expenses. Ahmed's refusal to do so constituted a breach of the contract. The circuit court was not persuaded that there was any evidence to support Ahmed's assertion that MSD failed to offer him a job commensurate with his abilities as required by the terms of the agreement. This appeal followed.

Ahmed filed his brief to this Court on May 11, 2021, and attached *extensive* portions of his own deposition testimony and that of John Loechle. These depositions had not been filed with the circuit court clerk. Instead, only those limited excerpts of the depositions attached to the parties' memoranda had

been submitted for the trial court's review. The clerk's certification of the record on appeal includes 206 numbered pages and a single DVD. These depositions were not included in the record on appeal.

On June 14, 2021, MSD filed a motion to dismiss the appeal or, in the alternative, to strike from Ahmed's brief the extensive deposition testimony upon which he relied that had not been included either in the trial court record or in the record on appeal. Ahmed filed a timely response in which he explained that the material was inadvertently omitted from both the trial court record and the record on appeal. By our order entered on October 20, 2021, that motion was passed to this merits panel.

We note that MSD did not file an appellee brief in this case and instead relied upon its motion to dismiss or its motion in the alternative to strike the deposition testimony at issue. CR[1] 76.12 (8)(c) gives an appellate court three options to consider as penalties for failure of an appellee to file a brief:

> If the appellee's brief has not been filed within the time allowed, the court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

---

[1] Kentucky Rules of Civil Procedure.

We have declined to impose any of those penalties, and we have elected instead to consider the merits of this appeal.

First, we deny appellee's motion to dismiss. We next address the extensive deposition excerpts relied upon by Ahmed which were not filed in the record; they were not filed in opposition to MSD's motion for summary judgment; and they were not submitted to this Court. Consequently, we cannot consider them. *McCoy v. Family Dollar Store of Kentucky, Ltd.*, 525 S.W.3d 93 (Ky. App. 2017); *American Oil Co. v. Brooks*, 424 S.W.2d 831 (Ky. 1967). Therefore, we grant the motion of MSD to strike from the appellant's brief those portions of the deposition testimony not filed with the circuit clerk or made available to the trial court as well as the arguments premised upon those excerpts.

We shall consider whether the trial court property granted judgment as a matter of law based upon our review of the evidence of record. Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. Upon our review, we must determine whether the trial court correctly determined that there were no genuine issues of material fact concerning Ahmed's alleged breach of the parties' contract. *See Scifres v. Kraft*, 916 S.W.2d 779 (Ky. App. 1996). Because

summary judgment involves only questions of law and not the resolution of disputed material facts, we do not defer to the trial court's decision. *Goldsmith v. Allied Building Components, Inc.*, 833 S.W.2d 378 (Ky. 1992). Instead, we review the trial court's interpretations of law *de novo*. *Cumberland Valley Contractors, Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644 (Ky. 2007).

On appeal, Ahmed argues that genuine issues of material fact exist that preclude entry of summary judgment. Specifically, he contends that there is a genuine dispute concerning the nature of the position that MSD offered him. He argues that MSD cannot show, as a matter of law, that he breached the contract because the evidence shows that the Project Administrator position was not commensurate with his abilities. We disagree.

Absent an ambiguity, contract principles require that a written instrument be enforced strictly according to its terms and that the contract's meaning be discerned from its four corners without resort to extrinsic evidence. *Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99 (Ky. 2003); *Smith v. Crimson Ridge Development, LLC*, 410 S.W.3d 619 (Ky. App. 2013). The agreement is to be given effect according to its terms, and "[the] court will interpret the contract's terms by assigning language its ordinary meaning . . . ." *Frear*, 103 S.W.3d at 106. "A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations." *Cantrell Supply, Inc. v. Liberty Mut. Ins.*

*Co.*, 94 S.W.3d 381, 385 (Ky. App. 2002). However, "an otherwise unambiguous contract does not become ambiguous when a party asserts . . . that the terms of the agreement fail to state what it intended." *Frear*, 103 S.W.3d at 107.

Ahmed's application to MSD's Engineering Assistance Program required him to acknowledge that in exchange for MSD's payment of his tuition and the costs of his books, he "agree[d] to begin employment with MSD at an entry level engineering position upon graduation." Section 2 of the promissory note that Ahmed executed indicated that he "expressly understood that MSD's only obligations upon [his] completion of his/her educational and program requirements is to offer a job commensurate with his/her abilities in area where there is need . . . and subject to availability of funds and positions available." It indicated that "any position offered is due to the current needs of employment with MSD."

Ahmed would be excused from repayment only if MSD did not have the necessary budget to offer him a position: "[i]f funds or positions are not available and MSD does not offer [Ahmed] a job for this reason educational costs will be forgiven." An addendum to the program requirements signed by Ahmed indicated that he "agree[d] to full time employment with MSD in an entry level position and continuing employment for a minimum for five (5) years." No part of the parties' agreement guaranteed Ahmed a specific job title, position, or salary.

Deposition testimony indicated that Ahmed had limited practical experience and that he only qualified for the Project Administrator position by virtue of his master of engineering degree.

The parties' agreement is unambiguous. Its plain language required Ahmed to accept an entry-level engineering position and to work at MSD for a period of at least five years in exchange for MSD's payment for his education expenses. According to its formal job description, the Project Administrator position specifically required engineering skills. However, it also required the ability to drive a car; operate a survey level; communicate in written and oral form; negotiate contracts; operate a computer and Windows software; and be courteous. It is certainly true that not each and every necessary skill required the use of Ahmed's master of engineering degree. Some of the necessary skills described were merely technical, supervisory, or interpersonal.

Nevertheless, the entry-level position for which Ahmed was qualified -- Project Administrator -- was commensurate with his abilities as defined by MSD. It is axiomatic that a prospective employee does not have the final word with respect to which position he believes he is best suited. Furthermore, the fact that Ahmed could have commanded a higher starting salary in the private sector is as unsurprising as it is irrelevant to this dispute.

Again, an unambiguous written contract must be strictly enforced according to the plain meaning of its express terms. *Allen v. Lawyers Mut. Ins. Co. of Kentucky*, 216 S.W.3d 657 (Ky. App. 2007). Given the plain meaning of the parties' straightforward agreement, there are no genuine issues of material fact that warrant a trial, and the circuit court did not err by concluding that MSD was entitled to judgment as a matter of law.

The summary judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Khalid Kahloon
Jonathan Dyar
Louisville, Kentucky